Mr. Henry Richards 206 Highway 285 Greenbrier, AR 72058 Dear Mr. Richards:
This is in response to your request, pursuant to A.C.A. § 7-9-107 (Repl. 2000), for certification of a popular name and ballot title for a constitutional amendment. You have previously made two similar submissions, which this Office rejected due to ambiguities. Ops. Att'y Gen. 2003-160 and 2003-127.
I cannot issue a certification at this time because of my uncertainty regarding a proposed ballot title for your measure. The material you have submitted makes no distinction between the text and a ballot title for your constitutional amendment. Although the term "Ballot Title" appears on the first page, it is followed by what appears to be the text of the measure. It thus seems that you have not complied with A.C.A. § 7-9-107
(a), which requires you to submit to my office the original draft (text) of the measure and a proposed ballot title and popular name that summarize the proposal. The ballot title and popular name must be submitted specifically with no confusion or uncertainty about what is designated as the ballot title. See Washburn v. Hall, 225 Ark. 868,286 S.W.2d 494 (1956). The Arkansas Supreme Court has upheld this requirement based on the great power that may be exercised by a small percent of the electorate in initiating a law pursuant to Amendment7 to the Arkansas Constitution. As stated in Washburn, supra:
 `It appears, therefore, that a very small per cent of our population may, at each general election, assemble the electorate into both a general assembly and a constitutional convention. The law must, therefore, be, and is, that if a power so great may be exercised by a number so small, a substantial compliance with the provisions of the Constitution conferring these powers should be required.' [Quoting Sturdy v. Hall, 201 Ark. 38, 143 S.W.2d 547.] And it might be added that there should be substantial compliance with the statutes enacted in aid of the Constitution. `The great body of the electors, when called upon to vote for or against an act at the general election, will derive their information about it from the ballot title. This is the purpose of the title.' [Citation omitted.] There should be no confusion, no uncertainty, nothing indefinite, about what is designated as the popular name and ballot title when the petition is presented to the Attorney General. The popular name and ballot title should be called to the Attorney General's attention specifically so that he may act in accordance with the statute.
225 Ark. at 873-874.
Because you have not separately designated a ballot title for me to approve or disapprove in this instance, I am unable to perform my statutory duty in certifying a popular name and ballot title for your proposed constitutional amendment. As I have explained in connection with your previous submissions (see Op. Att'y Gen. Nos. 2003-160 and 2003-127), the ballot title must briefly and concisely convey a fair meaning of your proposed measure. I will not further restate the standard for determining the sufficiency of a ballot title, but instead refer you to the previous opinions for guidance in drafting a ballot title for your amendment.
I will note that if the language you have submitted is indeed the text of your proposed amendment, the language is problematic in several respects and will require clarification before a summary of the measure in a ballot title will be possible. As a threshold matter, it is unclear whether a lottery is immediately established upon passage of the amendment, and if so, how it is to be operated. Although your proposed Popular Name states that it is an amendment "to establish a State Lottery," this is unclear from the language that follows, which begins with the words: "An Amendment . . . that a lottery be authorized and be lawful[.]" The remainder focuses on how the funds will be distributed, with no clear information regarding lottery operations. One possibility is that the amendment only authorizes a lottery, to be implemented later, perhaps by the Arkansas General Assembly. There is no specific reference to any authority of the legislature to implement the amendment, but you should be aware that of the fact that the under general rules for interpreting our constitution, the General Assembly possesses all law-making power not denied it either expressly or by necessary implication by the Arkansas or United States Constitutions. Seegenerally Berry v. Gordon, 237 Ark. 547, 376 S.W.2d 279 (1964).
On the other hand, you may intend to vest the "Independent Commission" with complete authority over the lottery. I cannot make this determination, however, from the language employed. The text you have submitted addresses the lottery's purpose and matters pertaining to the use of "net funds," an undefined term that is also ambiguous. There is no information, however, with respect to operating or regulating the lottery.
This is by no means an exhaustive list of ambiguities. This discussion serves instead to highlight the need to reiterate my advice that you seek professional guidance in drafting your proposed constitutional amendment. I cannot proceed further in directing you to redesign the measure and ballot title until you have first proposed a specific ballot title for my review.
Sincerely,
MIKE BEEBE Attorney General
MB:cyh